In re GUARDIANSHIP OF KRAIG HEINZ, a Minor (Estate of Kraig Heinz, a Minor, Appellee, v. Carol Heinz, Appellant).—*In re* GUARDIANSHIP OF KRAIG HEINZ, a Minor (David Heinz, Petitioner-Appellant, v. Kraig Heinz, by his Special Guardian *ad litem*, Diana Barber, Respondent-Appellee).

Third District   Nos. 3—86—0721, 3—86—0725 cons.

Opinion filed September 11, 1987.

234

John J. Wosik, of Henry, and Robert A. Barnes, Jr., of Lacon, for appellants.

Diana Barber, of Princeville, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

David and Carol Heinz, former guardians of their son's estate, appeal an order of the circuit court of Marshall County which vacated a previous distribution of money from the minor's estate, ordered its repayment, noted a $10,000 defalcation of funds by the former guardians had been cured by refund, and assessed the guardian *ad litem's* (GAL's) fees against the former guardians. They argue the court lacked authority to vacate the $5,000 distribution, even though it was procured through fraudulent testimony, because more than two years

had passed since the order distributing the funds had been filed, the estate should be responsible for the GAL's fees, and the trial judge erred in not recusing himself from the cause.

We affirm.

In June of 1983, the trial court approved a settlement in a personal injury action brought by Kraig. On the same day as the settlement was approved, Kraig's parents, as guardians of his estate, petitioned for a distribution of $5,000 from the estate to compensate them for expenses in caring for Kraig. At the hearing on this petition, David testified that he and Kraig's mother had expended funds in transporting Kraig to medical treatments in Peoria. An itemized list of the trips and expenses was introduced. On June 23, 1983, the trial court issued an order distributing the $5,000 to Kraig's parents.

On January 30, 1985, the trial court ordered the guardians to file a current account before April 4, 1985. They did not, and on June 10, 1985, the court filed an order removing them as guardians of Kraig's estate. On June 24, 1985, Diana Barber was appointed GAL. On August 21, 1985, current accounts were filed, which revealed that Kraig's parents had borrowed $10,000 from Kraig's estate to purchase a home. The defalcation was subsequently repaid, and the matter did not proceed to a hearing.

However, on September 9, 1985, the GAL filed a motion to vacate the $5,000 disbursement. At the hearing on this motion, Carol testified that the $5,000 was split evenly between herself and David. David used his portion for farm operation expenses, and she used her portion to buy toys for Kraig's siblings and Kraig. The insurance adjustor who handled the settlement negotiations testified that the insurer had compensated Kraig's parents for the medical and travel expenses.

The court found that the itemized expenses which were the basis of the $5,000 disbursement were identical with the expenses for which the insurer had directly compensated Kraig's parents. Accordingly, the $5,000 was not a legitimate charge on the estate, and the estate should be reimbursed. The court, therefore, vacated the June 30, 1983, order. The court also found that the $10,000 which the guardians had borrowed to purchase a new home had been repaid to the estate with interest. The court then assessed attorney fees against Kraig's parents.

Initially, David and Carol argue the court lacked authority to vacate the previous distribution. They contend the order vacated the settlement in its entirety. We disagree. The only order in contention was that approving the distribution from the minor's estate. Carol

and David also contend that even though the distribution was based upon testimony of questionable truth, the trial court had jurisdiction of the subject matter and parties. Therefore, the order is not void, and the false testimony is not a basis for vacating the order if more than two years have passed since its entry.

■■ ■ In *In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 477 N.E.2d 488, a former guardian of a minor's estate raised a similar argument. A bank, which had invested a minor's fund in its institution, argued that the probate court had approved its action. Therefore, the action could not be questioned at a later time. The supreme court stated that the probate court did not have the authority to approve actions by the guardian which were in excess of the authority granted in the statute. Similarly, the court in the instant case did not have the authority to approve acts of the guardians which transcended their statutory authority. The trial court could properly vacate the order. A guardian has a duty to account for his administration of a minor's estate. This accounting, if appropriate notice is served, is binding upon the minor absent fraud, accident, or mistake. Here, at best, a mistake and mismanagement occurred in the distribution of the $5,000, and as such it would not be binding on the minor. Ill. Rev. Stat. 1985, ch. 110½, par. 24—11(b).

The GAL argues that section 2—1401 of the Code of Civil Procedure applies. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) We agree that this section could be a basis for reopening the distribution order in the instant case, but need not be reached because of the principles outlined above.

■■■ Next David and Carol argue the estate should be responsible for the attorney fees of the GAL because the $10,000 defalcation was repaid prior to trial. Section 27—4 of the Probate Act of 1975 states that the guardian *ad litem* is entitled to reasonable compensation to be taxed as costs in the proceedings. (Ill. Rev. Stat. 1985, ch. 110½, par. 27—4.) Section 23—3(d) of the Probate Act of 1975 states that the court may assess the costs of the proceeding against a guardian who is removed for any of the causes listed in section 23—2 of the Probate Act of 1975. Here, the guardians were removed for failing to file a current accounting after being ordered to do so by the court. (Ill. Rev. Stat. 1985, ch. 110½, par. 23—2(a)(7).) David and Carol argue that no hearing took place on the basis for the removal; therefore, the GAL is not entitled to collect her fees from them. We disagree. The word used in section 23—3(d) is "proceeding." Section 24—18 also allows recovery against a representative for any mismanagement of the estate committed to his care. (Ill. Rev. Stat. 1985, ch.

110½, par. 24—18.) Although not argued by the parties, the mismanagement of the estate by the former guardians provides an additional basis for their removal and for recovery of fees from them. (Ill. Rev. Stat. 1985, ch. 110½, pars. 24—18, 23—2(a)(4), 23—3(d).) The $5,000 disbursement recovered pursuant to petition and hearing would justify recovery of guardian *ad litem* expenses. Additionally, the actions necessary to secure an accounting or recover assets for the minor's estate need not progress to trial before the GAL may recover her fees from the former guardians.

■ Finally, David and Carol argue the trial judge erred in not recusing himself from the cause after the motion to vacate the June 23, 1983, order was filed. At issue was the presence of the former GAL at the hearing on the distribution and settlement. The court reporter testified that she could not recall whether the GAL was present, but the records did not show him as present and speaking. The former GAL and the parents' attorney stated he was present. During closing argument, the trial judge remarked that he did not remember the former GAL's being present and as was his usual practice, would have asked whether he assented to the distribution if he were there. David and Carol argue the trial judge should have recused himself because of his personal knowledge of the case on the motion to vacate the order.

The presence or absence of the former GAL at the hearing only becomes of importance if the proceedings do not contain any fraud, mistake or accident. If the minor is represented under those circumstances, the account becomes final. Since the former proceedings in the instant case contained elements of fraud, the presence of the former GAL does not matter. The account would not be binding on the minor. (Ill. Rev. Stat. 1985, ch. 110½, par. 24—11(b).) We note, however, that it is only personal knowledge acquired by the trial judge outside of the cause before him which would warrant recusal.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and KNECHT, JJ., concur.